**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

HENRY SIMON VIDAL                                                                                   PETITIONER

vs.                              Case No. 5:08CV00308 JTR

LARRY NORRIS, Director
Arkansas Department of Correction                                                      RESPONDENT

**MEMORANDUM & ORDER**

**I. Background**

Pending before the Court[1] is a Petition for Writ of Habeas Corpus filed by Petitioner, Henry Vidal, pursuant to 28 U.S.C. § 2254. (Docket entry #1). Respondent has filed a Response, arguing that: (1) the Petition must be dismissed because it is barred by the applicable statute of limitations and; (2) the claims in the Petition are without merit. (Docket entry #9). Petitioner has filed a Reply. (Docket entry #12). Thus, the issues are joined and ready for disposition.

Before addressing the merits of the habeas Petition, the Court will review the relevant procedural history of the case. On May 16, 2006, Petitioner pled guilty to possession of cocaine with intent to deliver. (Docket entry #1). His negotiated plea mandated that he serve 240 months' in the Arkansas Department of Correction ("ADC"), followed by an additional 240 months' suspended sentence. *Id.* The judgment was entered on May 26, 2006. *Id.*

On June 26, 2006, while free on a reporting bond, Petitioner filed a Rule 26.1 motion to vacate his plea of guilty. (Docket entry #1). The trial court treated the motion as a petition for postconviction relief under Ark. R. Crim. P. 37.1.

---

[1] The parties have consented to proceedings before a United States Magistrate Judge. (Docket entry #13).

On October 23, 2006, after Petitioner had begun serving his sentence, he filed a Rule 37 petition with the trial court. On January 16, 2007, Petitioner filed another Rule 37 petition. On January 19, 2007, the trial court entered an order denying all three Rule 37 petitions. *Id.*

On August 12, 2007, the Arkansas Supreme Court granted Petitioner's motion to belatedly appeal the circuit court's order denying post-conviction relief. *Vidal v. State*, 369 Ark. 424, 255 S.W.3d 475 (2007)(per curiam). The Court held that Petitioner's Rule 26.1 motion was untimely because it was filed *after* judgment was entered. *Id.* at *1. While it recognized that a post judgment Rule 26.1 motion is usually treated as a Rule 37 petition, Petitioner was *not* in custody at the time he filed the Rule 26.1 motion which prevented it from being considered a Rule 37 petition. *Id.* Accordingly, the Court held that the trial court lacked jurisdiction to consider the motion under either Rule 26.1 or Rule 37. *Id.* at *1. It also held that Petitioner's two subsequent Rule 37 petitions were time-barred because they were both filed more than 90 days after the entry of the May 26, 2006 judgment. *Id.*

On November 18, 2008, Petitioner filed this federal habeas action. In his Petition, he asserts: (1) the trial court erred in not providing "an interpreter during time of arrest and questioning, alleged confession or at the Plea hearing"; (2) the trial court erred in failing to issue written findings of fact and conclusions of law regarding the denial of his Rule 37 petitions; (3) trial counsel was ineffective for advising him to plead guilty; and (4) his post-conviction counsel was ineffective. (Docket entry #1).

For the reasons explained below, the Court concludes that all of these habeas claims are time-barred. Accordingly, the Petition for a Writ of Habeas Corpus must be denied, and the case dismissed, with prejudice.

## II. Discussion

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides that a federal habeas petition must be filed within one year of the date on which the state "judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Where certiorari from the United States Supreme Court is not sought, the running of the statute of limitations, for purposes of § 2244(d)(1)(A), "is triggered . . . by the conclusion of all direct criminal appeals in the state system followed by the expiration of the time allotted for filing a petition for the writ [of certiorari]." *Smith v. Bowersox*, 159 F.3d 345, 348 (8th Cir.1998), *cert. denied*, 525 U.S. 1187 (1999).

Under Arkansas law, Petitioner could not appeal his guilty plea. *See* Ark. R. Crim. P. – App. 1(a). Thus, for purposes of the AEDPA, Petitioner's conviction was "final" on May 26, 2006, the date his Judgment and Commitment Order was entered. From that date, Petitioner had one year, until May 28, 2007, to file this habeas action.

Petitioner admits that he placed his federal habeas Petition in the prison mail system on November 12, 2008, over a year and half *after* the expiration of the one-year limitations period.[2] Accordingly, the federal habeas Petition was not timely filed under § 2244(d)(1).

AEDPA goes on to provide that the one-year limitations period may be tolled if a "properly filed" application for post-conviction relief is pending in state court. 28 U.S.C. § 2244(d)(2). The

---

[2] Petitioner signed his Petition on November 12, 2008, and claims he placed it in the prison mail system on that date. Under the prison mailbox rule, the Petition was deemed to have been filed with the Court on November 12, 2008. *See Nichols v. Bowersox*, 172 F.3d 1068, 1077 (8th Cir. 1999)("a *pro se* inmate's § 2254 petition is timely filed if it is deposited in the institution's internal mail system on or before the last day for filing[.]") Six days later, on November 18, 2008, the Clerk's office received and filed the habeas petition. (Docket entry #1).

statutory tolling period begins when a petition for post-conviction relief is filed in the trial court and runs, in one continuous block of time, until the highest state appellate court enters a decision on appeal. *Carey v. Saffold*, 536 U.S. 214, 219-221 (2002).

Petitioner filed his first Rule 37 Petition on October 23, 2006, sixty days *after* the expiration of the ninety day period for seeking such post-conviction relief.[3]  Petitioner filed his second Rule 37 Petition on January 16, 2007, one hundred and forty five days *after* the expiration of the ninety day period for seeking such post-conviction relief. *See Vidal v. State,* 2008 WL 324484 (Feb. 7, 2008)(unpublished)(dismissing Petitioner's appeal because a trial court lacks subject-matter jurisdiction to hear an untimely-filed petition for post-conviction relief).  Where a state post-conviction motion is untimely filed, it has no statutory tolling effect. *See Jackson v. Dormire*, 180 F.3d 919, 920 (8th Cir. 1999) (pendency of state postconviction proceeding cannot have a tolling effect if it was filed after the expiration of the limitations period). Thus, Petitioner cannot avail himself of statutory tolling in this case.

Finally, because 28 U.S.C. § 2244(d) is a statute of limitation, rather than a jurisdictional bar, equitable tolling may also be applicable. *Moore v. United States*, 173 F.3d 1131, 1134 (8th Cir. 1999).  Equitable tolling is proper "only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time," or when "conduct of the defendant has lulled the plaintiff into inaction." *Kreutzer v. Bowersox*, 231 F.3d 460, 462 (8th Cir. 2000).  Here, Petitioner claims that he is a Spanish speaking person of Guatemalan decent who did not know his

---

[3] As previously explained, on June 26, 2006, Petitioner filed a Rule 26.1 motion which the trial court erroneously treated as a Rule 37 petition.  In *Vidal v. State*, 2008 WL 324484 (Feb. 7, 2008), the Arkansas Supreme Court held that the trial court lacked jurisdiction to consider that motion under either Rule 26.1 or Rule 37.  Accordingly, the June 26 motion did *not* toll the one-year limitations period.

rights or how to initiate a timely federal habeas action. (Docket entry #1).

An examination of the record belies any claim that language difficulties prevented Petitioner from filing his federal habeas petition in a timely manner. Petitioner communicated proficiently enough to file three post-conviction motions with the trial court, in addition to filing a motion to belatedly appeal the circuit court's denial of his motions for post-conviction relief with the Arkansas Supreme Court. *See Mendoza v. Minnesota*, 100 Fed.Appx.2004, *588 (8th Cir. 2004)(rejecting equitable tolling where the petitioner alleged lack of proficiency in English) *citing Cobas v. Burgess,* 306 F.3d 441, 444 (6th Cir. 2002)(rejecting equitable tolling where petitioner alleged lack of proficiency in English but had submitted court filings in readable English). Accordingly, the Court concludes that Petitioner's claim does not constitute extraordinary circumstances justifying equitable tolling.

### III. Conclusion

IT IS THEREFORE ORDERED THAT the Petition for Habeas Corpus under 28 U.S.C. § 2254 (docket entry #1) is DENIED, and the case is DISMISSED, WITH PREJUDICE.

Dated this 16th day of August, 2010.

_____
UNITED STATES MAGISTRATE JUDGE